This was a petition for a supersedeas to a decree of the Superior Court of Chancery for the Richmond District, pronounced in May last, affirming a decree of the County Court of Spotsylvania.
The case was, that Steers, who was addicted to intoxication, and was drunk at dinner, (but not from the procurement of Wigglesworth as appeared from any of the evidence,) was prevailed on by the latter, about midnight of the same day, or, as some of the witnesses think, afterwards, (being still drunk,) to execute a bond for the convej’ance of his lands in this state, in exchange for lands in Kentucky. Wig-glesworth got possession of the lands of Steers, but never made any convejrance for those in Kentucky, though he frequently expressed his willingness to execute a deed, whenever he should obtain one from Steers but which was never done. In this state of things Steers died, intestate ; and a bill was brought by persons ^claiming to be his heirs at law to vacate this bond, staling the circumstances of the contract, and suggesting that it was not in the power of Wigglesworth to make a good title to the land in Kentucky, designated in his bond: the bill also prayed for a re-delivery of the land, of which Wigglesworth had got possession, and for an account of the profits. One of the witnesses proved that the contract was made in the morning, while Steers was sober, but another stated that Steers was called on by Wigglesworth to bargain about the land, after dinner, and when he was evidently drunk; and all the witnesses agreed that he was drunk when it was consummated by his entering into bonds. The person who drew up the writings, declared that he did it with reluctance, believing that Steers was drunk at the time, and also, that it was after midnight, (and if so, Sunday morning,) when they were executed; that a stranger, who was present, urged the impropriety of closing a bargain of consequence at so unseasonable a time; that the witness “discovered a backwardness on the part of Steers, and a forwardness on the part of Wiggles-worth,” in completing the contract.
The Court of Spotsylvania decreed the contract to be annulled, and that Wiggles-worth should re-deliver the land to the complainants, but without any account of profits. On an appeal to the Superior Court of Chancery, this decree was affirmed.
Bolts moved for a supersedeas upon the following grounds — 1st. That upon the face of the bill, the plaintiffs had a plain and adequate remedy at law, upon a question purely legal; without any one circumstance to give jurisdiction to a Court of Equity — 2d. That the bill charging “that the three complainants were heirs at ’aw to Abel Steers — that he died leaving neither children nor father or mother, now brother to your orator, whereby they because heir at law to the said Abel,” made out too imperfect a title under Abel Steers to warrant a *44 decree — and if a decree could be founded on such a bill with proof of its verity, that proof is not furnished, although the answer denies their right of inheritance — and, 3d. That Steers was not drunk when he made the contract, though he was when he consummated it; and that, if he had been intoxicated without the procurement of the defendant, the contract could not be avoided, (a)
The Court, (Lyons, Roane and Tucker, Judges,) denied the supersedeas; conceiving that under the particular circum-stances *of this case, the rule stated from Powell would not be infringed thereby ; that the bill was sustainable on the ground of vacating the bond; and that on both grounds the decision of the Court seemed warranted by Reynolds v. Waller, (b) and other cases.

 See Powell on Contracts, p. 29, 30.

 1 Wash. 164.